```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

RAYMOND REYNARD LAKES,

        Petitioner,

vs.                                    Case No. 3:14-cv-1157-J-39MCR

SECRETARY, DOC, et al.,

        Respondents.

---

**ORDER**

**I.  STATUS**

Petitioner challenges a 2007 (Duval County) conviction for first degree murder, attempted armed robbery, attempted second degree murder, and shooting or throwing deadly missiles. Petition Under 28 U.S.C. § 2254 by a Person in Custody Pursuant to a State Court Judgment (Petition) (Doc. 1) at 1. He also filed a Memorandum of Law (Memorandum) (Doc. 2). He raises four grounds in the Petition. Respondents filed a Motion to Dismiss (Response) (Doc. 13). In support of the Response, they submitted Exhibits (Doc. 13).[1] Petitioner filed a Response to Motion to Dismiss (Reply) (Doc. 14). See Order (Doc. 5). No evidentiary proceedings are required in this Court.

---

[1] The Court hereinafter refers to the exhibits contained in the Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents calculate that the Petition is untimely filed.

To adequately address Respondents' contention that Petitioner has failed to comply with the limitations period, the Court will provide a brief procedural history. Petitioner was charged by Indictment with murder in the first degree, attempted armed robbery, attempted first degree murder, shooting or throwing deadly missiles, possession of a firearm by a convicted felon, and possession of a firearm by a juvenile delinquent found to have committed a felony act. Ex. A at 14A-14D. A jury returned a verdict of guilty as charged of first degree murder, guilty as charged of attempted robbery, guilty of attempted second degree murder (a lesser included offense of attempted first degree murder), and guilty as charged of shooting or throwing deadly missiles. Id. at 151-58; Ex. G at 716-18. The possession of a firearm charges were severed from the other charges, Ex. A at 82-85, and the state nolle prossed those counts. Ex. C at 440.

On June 28, 2007, the trial court sentenced Petitioner to life without parole on count one, 15 years on count two, 30 years on count three, and 15 years on count four. Ex. B at 240-44. Petitioner appealed. Id. at 252-53; Ex. H; Ex. I. On November 20, 2008, the First District Court of Appeal affirmed per curiam. Ex. J. The mandate issued on December 8, 2008. Id. The conviction became final on February 18, 2009 (90 days after November 20, 2008) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's

entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

The limitation period began to run on February 19, 2009, and ran for a period of 162 days, until Petitioner, on July 31, 2009, filed a pro se motion to correct illegal sentence pursuant to Rule 3.800(a), Fla. R. Crim. P.  Ex. M.  The circuit court denied the Rule 3.800(a) motion on November 4, 2009.  Ex. P.  The limitation period remain tolled until thirty days to appeal the decision expired, giving Petitioner until Friday, December 4, 2009 to file an appeal.  Petitioner did not appeal the denial of the motion.

Although Petitioner filed a motion seeking mitigation of his sentence pursuant to Fla. R. Crim. P. Rule 3.800(c), this motion does not qualify as an application for collateral review and does not toll the limitation period.  Ex. K; Ex. L.  <u>Baker v. McNeil</u>, 439 F. App'x 786, 788-89 (11th Cir. 2011) (per curiam) (finding Rule 3.800(c) concerns only pleas for mercy and leniency, not collateral review, and distinguishing the Rhode Island statute at issue in <u>Wall v. Kholi</u>, 560 U.S. 903 (2011)), <u>cert</u>. <u>denied</u>, 132 S.Ct. 1633 (2012).  See <u>Shanklin v. Tucker</u>, No. 3:11cv357/RV/MD, 2012 WL 1398186, at *3 (N.D. Fla. March 21, 2012) (not reported in F.Supp.2d) (Report and Recommendation) (recognizing that "[i]n <u>Baker</u>, the Eleventh Circuit held that state court motion for discretionary sentence reduction pursuant to Rule 3.800(c) of the

Florida Rules of Criminal Procedure was not an application for state post-conviction or other collateral review, and thus petitioner's filing of such a motion did not toll the one-year limitations period for filing a federal habeas petition."), report and recommendation adopted by Shanklin v. Tucker, No. 3:11cv357/RV/MD, 2012 WL 1396238 (N.D. Fla. Apr. 23, 2012). As a result, there was no statutory tolling of the one-year statute of limitation by the filing of the Rule 3.800(c) motion.

Also of note, Petitioner's Motion to Compel Appellate Counsel to Furnish Appellant with Transcribed Record of All Pre-Requested Documents does not serve to toll the limitation period. Ex. Q; Ex. R; Ex. S; Ex. T; Ex. U; Ex. V. See Response at 8. Of significance, it is well-settled that a discovery motion does not toll AEDPA's limitation period, and neither does a Rule 3.853, Fla. R. Crim P. motion for DNA testing. Brown v. Sec'y for the Dep't of Corr., 530 F.3d 1335, 1337-38 (11th Cir. 2008). These types of motions are not direct requests for judicial review, nor do they provide the circuit court with authority to order relief from judgment. Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1141 (11th Cir. 2015) (citation omitted).

In a similar case to the one at bar, this Court rejected the contention that a mandamus petition seeking an order from the trial court directing counsel to provide Petitioner with free copies of records and files constituted a tolling motion. This type of

motion/petition does not toll the limitation period because the court would lack authority to order relief from the conviction and sentence based on such a motion. Ramirez v. Sec'y, DOC, No. 3:13-cv-979-J-39JRK, 2015 WL 6704312, at *3 (M.D. Fla. Nov. 3, 2015) (Not Reported in F.Supp.3d). It may lead to material that might help in developing a challenge, however, it simply is not a collateral attack. The above-mentioned holdings impart the significant teaching that a motion that does not directly challenge an underlying conviction or sentence will not trigger the tolling provisions of AEDPA. Phillips v. Culliver, No. 06-00816-KD-B, 2009 WL 3414280, at *4 n.7 (S.D. Ala. Oct. 16, 2009) (Not Reported in F.Supp.2d).

    The limitations period began to run again on December 5, 2009, and expired 203 days later on Saturday, June 26, 2010, making his federal petition due on Monday, June 28, 2010. Based on the foregoing, the Petition, filed on September 17, 2014, pursuant to the mailbox rule, is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

    Again, the federal petition was due on Monday, June 28, 2010. Although Petitioner filed a state petition for writ of habeas corpus on July 21, 2010, and a Rule 3.850 motion for post conviction relief on November 30, 2010, they did not toll the federal one-year limitation period because it had already expired. Ex. W; Ex. X; Ex. Y; Ex. Z; Ex. AA; Ex. BB; Ex. CC; Ex. DD; Ex. EE;

Ex. FF. Ex. GG. Ex. HH. See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must file the motion within one year after his conviction becomes final in order to toll the one-year limitation period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000).

Petitioner urges this Court to find that his untimely filing of his federal Petition should be contributed to circumstances beyond his control. Petitioner contends that he is entitled to some equitable tolling due to the fact that he filed a motion to compel his appellate counsel to furnish him with documents. Of note, the AEDPA "limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 474 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)). There is a two-pronged test for equitable tolling. It requires a petitioner to demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Holland, 560 U.S. at 649 (quotation marks omitted); see

Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

Petitioner bears the burden to show extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle is not easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted). The Court concludes that Petitioner has not met the burden of showing that equitable tolling is warranted.

Petitioner contends that counsel's failure to provide him with copies of documents prevented him from preparing, researching, and drafting post conviction motions. Reply at 2-3. The Court finds Petitioner's argument unavailing. Petitioner's inability to obtain free copies of all of the documents he desired from his criminal case is not an extraordinary circumstance. Indeed, it is a common occurrence. See Williams v. Sec'y, Dep't of Corr., No. 8:07-cv-458-T-30EAJ, 2009 WL 1046131, at *2 (M.D. Fla. Apr. 20, 2009) (Not Reported in F.Supp.2d) (finding a public records request and litigation concerning that request is not a collateral attack and

does not toll); Ramirez, 2015 WL 6704312, at *3 (noting that petitioner sought an order from the trial court directing counsel to provide petitioner with free copies of records and files, but it did not toll the limitation period). Petitioner's own documents reflect that his counsel received a CD of the state court transcripts from the state court clerk, and counsel provided that CD to Petitioner, without cost.[2] Petitioner's Exhibit C (Doc. 14-3) at 3. Additionally, the clerk responded to Petitioner's request for printed transcripts that the clerk's office does not provide printed transcripts, and Petitioner would have to contact the court reporters' office to obtain such. Petitioner's Ex. D2 (Doc. 14-4) at 3.

Moreover, Petitioner states that he did not obtain the portions of the record he requested until Respondents filed their Response (Doc. 13). Reply at 2. Of import, Petitioner filed both his state petition for writ of habeas corpus and Rule 3.850 motion without the transcripts and/or documents he now asserts the absence of which hindered his ability to timely file a federal petition. Since Petitioner was clearly able to file his state habeas petition and post conviction motion without the requested documents, he certainly could have filed his federal petition in a timely

---

[2] The record reflects that counsel was not provided with printed copies of the transcripts. Reply at 2-3. He provided Petitioner with what he received from the clerk.

- 9 -

fashion.³  No extraordinary circumstances stood in his way and prevented him from timely filing his Petition.  Although additional records may have eased his task, Petitioner certainly had sufficient documentation and information to adequately pursue his state court remedies.  Additionally, he could have filed a timely federal petition, seeking leave to amend or to supplement the petition with additional records if the state failed to provide them to the Court.

Petitioner does not allege, and the record does not show, that the state impeded him from filing a timely § 2254 petition during the untolled periods.  Petitioner simply failed to pursue his rights diligently.  Although Petitioner was proceeding pro se in his state court proceedings, his status as a pro se filer is not a meritorious excuse and is insufficient to warrant equitable tolling.  Johnson v. United States, 544 U.S. 295, 311 (2005).

Under these circumstances, the Court is not persuaded that Petitioner acted diligently.  He let 162 days run before filing his first tolling qualified motion/petition, a Rule 3.800(a) motion.  After that tolling period expired, he let 228 days run before filing his second tolling qualified motion/petition: a state habeas

---

³ The Court notes that ground one of the Petition is the same ground counsel raised in the direct appeal brief.  Ex. H.  Grounds two and three of the Petition, claims of ineffective assistance of counsel, were raised in the Rule 3.850 motion.  Ex. Y.  Ground four was apparently never raised in the state court system and would be both unexhausted and procedurally defaulted.  Petition at 13-14.  The Court also notes that Petitioner did not include ground four in his Memorandum.

petition.[4]  Petitioner waited an inordinately long period of time after his criminal conviction became final (five and one half years) to file his federal Petition.[5]  The Court finds that he has not shown that he is entitled to extraordinary relief.  Equitable tolling is a remedy that should be used sparingly, and Petitioner has failed to show that he exercised due diligence in pursuing his state court remedies.  Furthermore, Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing that equitable tolling is warranted.

Therefore, based on the record before the Court, the Court finds that Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him.  He had ample time to exhaust state remedies and prepare and file a federal petition.  In this case, Petitioner fails to demonstrate he is entitled to equitable tolling or that he has new evidence establishing actual innocence.  Therefore, the Court will dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition and the case are **DISMISSED with prejudice**.

---

[4] Of course, the AEDPA one-year limitation period had already expired when he filed his state habeas petition.

[5] The Court recognizes that there was a brief AEDPA-tolled period from July 31, 2009 through December 4, 2009.

2. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

3. The **Clerk** shall close the case.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[6] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of January, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 1/11
c:
Raymond Reynard Lakes
Counsel of Record

---

[6] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.